**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **LAWRENCE ALLEN,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT-14-1404 |
| | * | |
| **LARK,** *et al.,* | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

This matter arises from alleged assaults on a prisoner, Plaintiff Lawrence Allen, by correctional officers at Western Correctional Institute ("WCI").  *See* ECF No. 62.  On March 10, 2015, this Court dismissed the Plaintiff's claim regarding an alleged assault from April 2014.  *Id.* at 11.  Now pending before the Court, and addressed herein, is Defendants' May 11, 2015 Motion to Dismiss or for Summary Judgment regarding the remaining alleged assault from June 2014.  ECF No. 65.  Allen responded in opposition on May 19, 2015. ECF No. 67.  A hearing is not needed to resolve the question presented.  *See* Local Rule 105.6 (D. Md.).  For the reasons set forth below, Defendants' Motion for Summary Judgment shall be granted.

## BACKGROUND

Allen alleges that on June 13, 2014, Sergeant Payton and Officers Fontaine, Wilburn, and Bartholomew (collectively "Officers") assaulted Allen as retaliation for filing administrative remedy complaints against them.  ECF No. 16, at 2.  Allen claims that he was pepper sprayed, stomped, beaten, and spit on by the Officers resulting in fractures in his leg, jaw, and two ribs. *Id*.  Allen further alleges that he was confined to a holding cell where he was told that the

Officers were conspiring to have another inmate murder him with a weapon that they provided. *Id.* at 3.  Allen claims that the Officers brought inmate Jamal Mackell into his holding cell in furtherance of the ongoing assault.  *Id.*  As part of an investigation by the Department of Public Safety and Correctional Services ("DPSCS") Internal Investigation Unit ("IIU"), Allen admitted to previously throwing feces at the Officers, but Allen maintained that the resulting assault was unrelated.  ECF No. 65-2, at 11.

In that same investigation, Mackell testified that Allen threw feces on him through a slot in the cell, but Mackell neither entered his cell nor made physical contact with Allen as a result. *Id.* at 12.  In response to this incident, the Officers state that they requested a strip search of Allen, who refused by turning his shoulder.  *Id.* at 13.  Three of the Defendants—Payton, Fontaine, and Wilburn—individually confirmed that they then pepper-sprayed Allen, took him to the ground, handcuffed him, and escorted him to the medical center.  *Id.* at 13–16.  The last Defendant, Bartholomew, maintains that he heard the call requesting assistance while working in a different wing, but that the matter resolved itself before he had a chance to leave his post. *Id.* at 17.

Medical staff did not note any injuries while evaluating Allen on June 13, 2014. *Id. at* 18.  A follow-up evaluation on June 18, 2014 revealed swelling in the leg and bruising around Allen's left eye.  *Id.* at 120.  An x-ray of Allen's leg on August 5, 2014, revealed no evidence of fractures, dislocations, or subluxations.  *Id.* at 102.  Allen suffers from multiple sclerosis and is consistently evaluated by medical personnel because of an increasing number of falls, which are attributed to the progression of his illness.  ECF No. 67-1, at 68.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In order to avoid summary judgment, the nonmoving party "'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). While the Court must view the evidence in the light most favorable to the nonmoving party, *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006), it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted).

## ANALYSIS

The Court must look to the Eighth Amendment when determining whether force used by prison officials was excessive. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.* In a claim for excessive application of force, a prisoner must meet a heavy burden to satisfy the subjective

3

component that prison officials applied force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Boone v. Stallings*, 583 F. App'x 174, 176 (4th Cir. 2014) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).   In determining whether a prison official has acted with "wantonness in the infliction of pain," *Whitley*, 475 U.S. at 322, "courts should consider the necessity for the application of force; the relationship between the need for force and the amount of force used; the extent of the injury inflicted; the extent of the threat to the safety of the staff and other prisoners, as reasonably perceived by prison officials based on the facts known to them at the time; and the efforts, if any, taken by the officials to temper the severity of the force applied." *Boone*, 583 F. App'x at 176 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Undisputed facts establish that on June 13, 2014, Allen instigated a conflict by throwing his feces, and the Officers responded with some level of force.[1]   The remaining question is whether that force was warranted or excessive.   Correctional officers have an objectively reasonable duty to protect themselves and other prisoners from contact with human waste and to subdue aggressive inmates undertaking activities described in this case.   And the actual extent of Allen's exaggerated injuries was relatively minor.   *See Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (holding that although there is no *de minimus* element to establish an excessive force, a correctional officer will prevail when establishing a "good-faith effort to maintain or restore discipline").   Neither the medical records nor testimony by inmate Mackell and the Officers indicate an assault as described in Allen's Complaint.   Allen does not point to any actual evidence and has not identified any witnesses who can confirm his bare allegations.   While this Court may not make credibility determinations on summary judgment, the lack of evidence

---

[1] At several points within Defendants' memorandum in support of their motion, reference is made to the April 2014 assault, however, the attached exhibits and affidavits refer to the June 2014 assault.

supporting Allen's account of the alleged June 2014 assault entitles Defendants to summary judgment. *See Celotex*, 477 U.S. at 322 n.3 (1986) (stating "an adverse party may not rest upon . . . mere allegations").

Accordingly, it is, this 15th day of September, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 65) is hereby **GRANTED**; and it is further

**ORDERED**, that Judgment is hereby **ENTERED** in favor of Defendants; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Plaintiff and to Counsel of Record; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-14-1404.

       /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
